UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,

        - against -                         **MEMORANDUM & ORDER**

SCOTT TODARO,                              16-CR-347-2 (RJD)

        Defendant.
-------------------------------------------------------- x

DEARIE, District Judge

      Defendant Scott Todaro is charged with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 3551 et seq. Superseding Indictment, ECF No. 52. Defendant moves, *inter alia*, to suppress: (1) cell site location information ("CSLI") obtained pursuant to an order issued under 18 U.S.C. § 2703(d); and (2) CSLI obtained pursuant to a search warrant. For the reasons discussed below, the Court denies Defendant's suppression motions.[1]

      The Court assumes the parties' familiarity with the factual background of the case.

## DISCUSSION

1.     Suppression of CSLI Data Obtained Pursuant to a 2703(d) Order

      Defendant moves to suppress CSLI obtained on the February 3, 2017 order of Magistrate Judge Tiscione pursuant to § 2703(d) of the Stored Communications Act (the "SCA Order"). At a minimum, these records fall within the well-established good-faith exception to the warrant requirement, thus rendering the exclusionary rule inapplicable.

      In 2018, the Supreme Court recognized that obtaining seven days' CSLI constitutes a Fourth Amendment search requiring a "warrant supported by probable cause." Carpenter v.

---

[1] The Court is aware that Defendant also seeks an order granting certain additional discovery. In the event the parties have not resolved these issues by the next conference, the Court will address them at that time.

United States, 138 S. Ct. 2206 (2018).  When the SCA Order in this case issued in 2017, the SCA authorized production of CSLI based upon a showing of "reasonable grounds," a lower standard than probable cause.  Id. at 2221.  Thus per Carpenter, the SCA Order falls short of the requirements of the Fourth Amendment because it authorizes production of CSLI for a period of seven days—March 20, 2015 through March 27, 2015—and is not supported by a finding of probable cause.  Id.; United States v. Herron, 2 F. Supp. 3d 391, 401 (E.D.N.Y. 2014).  The acquisition of Defendant's CSLI pursuant to the SCA Order was a violation of his constitutional right.

But a Fourth Amendment violation does not necessarily entitle a defendant to suppression of evidence.  The exclusionary rule is a rule of "last resort," Hudson v. Michigan, 547 U.S. 586, 591 (2006), that is warranted only "where it 'result[s] in appreciable deterrence'" to law enforcement, Herring v. United States, 555 U.S. 135, 141 (2009) (alteration in original) (quoting United States v. Leon, 468 U.S. 897, 909 (1984)).  No such deterrence follows where evidence is obtained "in reasonable reliance on binding precedent," Davis v. United States, 564 U.S. 229, 241 (2011), or in reliance on a federal statute that was not "clearly unconstitutional" at the time of the search, Illinois v. Krull, 480 U.S. 340, 349-50 (1987).  In those scenarios, law enforcement is deemed to have acted in "good faith" and the failure to obtain a warrant is excused.  Leon, 468 U.S. at 906-08.  At the time of the SCA Order, Supreme Court precedent, pre-dating Carpenter, allowed law enforcement to obtain CSLI without a warrant under the "third-party doctrine."  United States v. Zodhiates, 901 F.3d 137, 143-44 (2d Cir. 2018) (first citing United States v. Miller, 425 U.S. 435, 444 (1976) (recognizing the "general rule that the issuance of a subpoena to a third party to obtain [bank] records . . . does not violate the rights of a defendant); and then citing Smith v. Maryland, 442 U.S. 735, 743-44 (1979) (recognizing that "a

2

person has no legitimate expectation of privacy in [dialed phone numbers] he voluntarily turns over to third parties")).

The good-faith exception to the warrant requirement applies to the production of Defendant's CSLI pursuant to the SCA Order.  Here, the Government sought Defendant's CSLI from third party, Metro PCS, by complying with the SCA and applying for and obtaining a court order.  Gov't Mem. at Ex. 3, Ex. 4.  At that time, the SCA was not "clearly unconstitutional" because Carpenter had not yet been decided and the third-party doctrine permitted warrantless acquisition of CSLI.  Zodhiates, 901 F.3d at 143-44 (2d Cir. 2018) (denying motion to suppress evidence obtained pursuant to subpoena pre-Carpenter because a warrant was not required to obtain cell records under third-party doctrine); see also Herron, 2 F. Supp. 3d at 403-04 (denying motion to suppress evidence obtained pursuant to a § 2703(d) order entered pre-Carpenter); United States v. Chambers, 751 Fed. App'x 44, 46 (2d Cir. 2018) (same).

Defendant argues that the good-faith exception does not apply because the Government's § 2703 application does not contain "specific and articulable facts" that Defendant "committed a crime" as required by the SCA.  Def. Mem. at 4.  At the time of the Government's § 2703 application, Section 2703(d) of the SCA required only that "the governmental entity offer[] specific and articulable facts showing that there are reasonable grounds to believe that . . . records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  The SCA Order issued upon an application signed by AUSA Maria Cruz Melendez, the contents of which demonstrate the existence of an investigation into a Hobbs Act robbery conspiracy potentially involving Defendant.  Namely, the application provides information about the anonymous tip implicating Defendant in the March 26, 2015 robbery, telephone records showing that on the day of the robbery Subject

3

Telephone B—the subject telephone of the instant motion—and his co-defendant's cellular phone had contact with common cellular phones, and information placing Subject Telephone B in the vicinity of the armed robbery on March 26, 2015. These facts give "reasonable grounds to believe that" Defendant's location at the time of the alleged robbery is "relevant and material" to the Government's investigation. See Chambers, 751 Fed. App'x at 47, n. 2 (discussing determination that articulating the following facts helped carry the § 2703(d) burden: the Government was investigating the defendant's involvement in a Hobbs Act robbery; and the suspect made "calls of duration" to another suspect's telephone on the night of the robbery). The good-faith exception applies.

Finally, Defendant's concerns regarding the reliability of CSLI data, Def. Mem. at 5-7, are premature evidentiary questions to be resolved at trial. Defendant's motion to suppress CSLI obtained pursuant to the SCA Order is denied.

2.   Suppression of CSLI Data Obtained Pursuant to Search Warrant

Defendant also moves to suppress CSLI obtained pursuant to a search warrant issued on December 15, 2016 by Magistrate Judge Pohorelsky (the "Search Warrant") due to lack of probable cause.

"In evaluating probable cause in any given case, a judge must 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Raymonda, 780 F.3d 105, 113 (2d Cir. 2015) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). In reviewing a judicial finding of probable cause, courts "generally accord[] 'substantial deference'" to a judge's probable cause finding, and limit their review to

4

whether the judge "'had a substantial basis' for his determination." Id. (quoting United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1993)).

The Search Warrant is supported by a 62-page affidavit sworn to by FBI Special Agent Jimena Noonan. Like the § 2703(d) application, Noonan's affidavit details, *inter alia*, information regarding the armed robbery, the anonymous tip that Defendant conspired in the armed robbery, and summarizes telephone records sufficient to show a "fair probability" that the CSLI would establish Defendant's presence in the vicinity of the location of the robbery. See Raymonda, 780 F.3d at 113; Gov't Mem. at 3-8 (describing certain contents of sealed affidavit). As such, the statements contained in the Government's affidavit provide a "substantial basis" for Magistrate Judge Pohorelsky's probable cause determination and the warrant was appropriately issued. Defendant's motion to suppress is denied.

## CONCLUSION

For the reasons discussed above, the Court denies Defendant's suppression motions. First, the good-faith exception to the warrant requirement precludes exclusion of the evidence obtained pursuant to the SCA Order. Second, the Search Warrant was supported by probable cause to believe that the information sought would allow the Government to secure potentially critical evidence regarding the Defendant's presence in the vicinity on the date of the robbery or earlier.

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2020

    /s/ Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge

5